UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 **'O'** |
|---|---|---|---|
| Case No. | CV14-6056-CAS(AJWx) | Date | December 22, 2015 |
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| N/A | | N/A | |

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [49]

## I.   INTRODUCTION

On August 1, 2014, plaintiff, Alina Korsunska, filed the instant action against her former employer the Department of Homeland Security ("defendant"). Dkt. 1. The complaint asserts a single claim against defendant for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et. seq. Id. In brief, plaintiff alleges that, pursuant to a settlement agreement between her and defendant, defendant was required to update her personnel file to reflect that she had resigned her employment for personal reasons. Plaintiff now contends that defendant failed to comply with the settlement agreement in retaliation for a complaint she filed with the Equal Employment Opportunity Commission ("EEOC") in 2009.

On November 2, 2015, defendant filed the instant motion for summary judgment. Dkt. 49. On November 18, 2015, plaintiff filed an opposition, Dkt. 55, and on December 1, 2015, defendant filed a reply, Dkt. 56. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND[1]

---

[1] The parties have raised several objections to the evidence offered in support of and in opposition to defendant's motion for summary judgment. The Court addresses several of these objections infra. To the extent the Court does not rely on any objected-to evidence in ruling on defendant's motion, those objections are OVERRULED AS MOOT.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS - 6 **'O'**

| Case No. | CV14-6056-CAS(AJWx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

Except where noted, the following facts are undisputed: On August 3, 2008, plaintiff began working for the United States Citizenship and Immigrations Services ("USCIS"), a component of defendant, the Department of Homeland Security. See Dkt. 49, Ex. A; DSUF ¶1; PSUF ¶1. Plaintiff's employment was subject to a two-year probationary period. DSUF ¶ 2; PSUF ¶ 2. On October 15, 2009, during the probationary period, plaintiff's employment with defendant was terminated. DSUF ¶ 3; PSUF ¶ 3.

According to defendant, when plaintiff's employment with USCIS ended in October, 2009, her termination would have been processed by the preparation of a Standard Form 52 (the "Termination SF52") by USCIS human resources staff. Barrett Decl. ¶ 3.[2] Defendant has submitted a copy of what it contends is plaintiff's Termination SF52. Def.'s Evid. App'x, Ex. B. Defendant contends that, per standard procedure, the information from the Termination SF52 would have then been inputted by USCIS human resources staff into a database maintained by the National Finance Center ("NFC"). Barrett Decl. ¶ 3. A Standard Form 50 Notification of Personnel Action (the "Termination SF50") would then automatically have been generated through the NFC's system, reflecting the new information, i.e. plaintiff's termination. Id. The Termination SF50 would then have been automatically uploaded into plaintiff's eOPF. Id. Defendant has submitted a copy of what it contends is plaintiff's Termination SF50. Def.'s Evid. App'x, Ex. C.

---

[2] Plaintiff objects to this portion of Denise Barrett's ("Barrett") declaration on the grounds that her statements lack foundation because she does not have personal knowledge of the actions in question. Pl's. Objections to Barrett. Decl. Pursuant to Federal Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Here, defendant has not submitted evidence that Barrett has personal knowledge of the specific actions taken by USCIS human resources staff with respect to plaintiff's termination. Nonetheless, Barrett has roughly fifteen years of human resources experience as an employee of defendant and is currently a Branch Chief for Recruitment and Placement with USCIS. Barrett Decl. ¶ 2. Accordingly, the Court relies on Barrett's declaration for her statements regarding general USCIS human resources practices and how, under typical circumstances, plaintiff's termination would have been processed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS - 6 'O'

| Case No. | CV14-6056-CAS(AJWx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

According to defendant, from 2009-2010, as part of USCIS' records retention procedure, after an employee's separation, it was standard procedure to mail a hard copy of his/her eOPF to the National Personnel Records Center ("NPRC"), a division of the National Archives. Paquette Decl. ¶ 8. During this period, USCIS generally mailed the hard copies to the NPRC approximately three to six months after the employee's final separation documents were processed. Id. Accordingly, defendant asserts that, after plaintiff separated in October 2009, a hard copy of her eOPF, including the Termination SF50, would have been sent to NPRC somewhere between January and April 2010. Id.[3]

On November 13, 2009, plaintiff filed an Equal Employment Opportunity Commission ("EEOC") complaint alleging that her termination was the result of discriminatory animus based on her national origin and religion. DSUF ¶ 4; PSUF ¶ 4. On June 9, 2010, plaintiff and defendant entered into a non-monetary settlement agreement (the "Settlement Agreement") regarding her EEOC complaint. DSUF ¶ 5; PSUF ¶ 5. In summary, this agreement provided: (1) that plaintiff's electronic Official Personnel Folder ("eOPF") would be amended to state that she had resigned from her position for personal reasons; (2) upon request, defendant would provide a neutral employment reference to potential employers of plaintiff; and (3) defendant would provide plaintiff with an overall performance rating of "Fully Successful." DSUF ¶ 6; PSUF ¶ 6. The Settlement Agreement further stated that it would constitute a full and complete release of all complaints and allegations by plaintiff. DSUF ¶ 7; PSUF ¶ 7.

According to defendant, on or about June 10, 2010, USCIS human resources staff

---

[3] Plaintiff objects to these portions of Paquette's declaration on the grounds that she lacks personal knowledge of the actions in question. Pl.'s Objections to Paquette Decl. However, Paquette states that she has been employed by the Department of Homeland Security for over 33 years and has been a Specialist in the Human Resources Office since 1998. Paquette Decl. ¶ 2. Therefore, she has extensive knowledge of defendant's human resources procedures and practices. Moreover, she does not testify regarding the actions that were actually taken regarding plaintiff's eOPF; rather, she testifies only as to what she believes would have occurred under standard USCIS' procedures. Accordingly, she has sufficient personal knowledge to support her testimony and plaintiff's objection is OVERRULED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 **'O'** |
|---|---|---|---|
| Case No. | CV14-6056-CAS(AJWx) | Date | December 22, 2015 |
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

prepared a new SF52 for plaintiff reflecting that she had resigned for personal reasons (the "Resignation SF52"). Barrett Decl. ¶ 4.[4] Defendant has submitted a copy of what it contends is plaintiff's Resignation SF52. Def's Evid. App'x, Ex. E. This document indicates that, on June 10, 2010, Catherina Sun, an employee of defendant, requested and authorized the creation of the Resignation SF52. Id. This form was then authorized by Barrett on June 18, 2010 and would have been submitted to the NFC on the same date. Barrett Decl. ¶ 4. An SF50 (the "Resignation SF50") would then automatically have been generated through the NFC's system, reflecting the new information, i.e. plaintiff's resignation. Barrett Decl. ¶ 5. The Resignation SF50 would then have been automatically uploaded into plaintiff's eOPF. Id. Defendant has submitted a copy of what it contends is plaintiff's Resignation SF50. Def's Evid. App'x, Ex. F.

     Defendant has also submitted a document entitled "Tracking Data for Request No. WSC-CIS-2010-0292." Id., Ex. G. According to defendant, this document was generated through the USCIS's electronic system and shows the dates that action was taken on the Resignation SF52. Barrett Decl. ¶ 5. The Tracking Data form states that a document was submitted by Catherina Sun on June 10, 2010 and then subsequently submitted by Barrett on June 18, 2010. Def's Evid. App'x, Ex. G.

     According to plaintiff, in September of 2013, she began searching on USAjobs.gov for vacant job positions with the federal government. DSUF ¶ 43; PSUF ¶ 43. Plaintiff alleges that she found several job postings for which she was interested in applying. Korsunska Decl. ¶ 6. These postings stated that a former federal employee would need to provide his or her most recent SF50. Id. At that time, plaintiff did not possess a copy of her SF50. Id. Accordingly, plaintiff contacted the National Archives in Valmeyer, Illinois and requested a copy of her eOPF. Id. ¶ 7. When plaintiff received the copy of her eOPF, she discovered that her termination SF50 was still included in the file. According to plaintiff, under the terms of the settlement agreement this document should have been removed and replaced with documents indicating that plaintiff had resigned for

---

[4] Plaintiff also objects to this portion of Barrett's declaration on the grounds that Barrett lacks personal knowledge of the actions in question. However, unlike plaintiff's termination, Barrett declares that she personally approved the paperwork regarding plaintiff's resignation for personal reasons. Accordingly, plaintiff's objection is OVERRULED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 **'O'** |
|---|---|---|---|
| Case No. | CV14-6056-CAS(AJWx) | Date | December 22, 2015 |
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

personal reasons. Id. ¶ 8.

Defendant states that it did not discover that plantiff's Termination SF50 was still present in her eOPF until 2012. Paquette Supp. Decl. ¶ 4. According to one of defendant's employees, Cathy Paquette ("Paquette"), in reviewing plaintiff's eOPF in 2012, she discovered that plaintiff's Termination SF50 was present in her eOPF. Id. Paquette states that, while "the Settlement Agreement does not specifically state that the Termination SF50 must be purged, it should have been purged, so I purged it at that time." Id. Paquette further states that it did not occur to her at that time that the National Archives possessed a hard copy of the Termination SF50 that had been sent after plaintiff's termination in October 2009. Id. Paquette contends that not retrieving that document from the National Archives was "simply an administrative oversight." Id. Paquette subsequently retrieved the Termination SF 50 from the National Archives in January 2014 after plaintiff raised this issue in her current EEOC complaint. Id.

In November 2013, plaintiff filed an EEOC complaint alleging that defendants retaliated against her in violation of Title VII, by failing to reflect in her eOPF that she had resigned for personal reasons. DSUF ¶ 11; PSUF ¶ 11. After administratively pursuing this claim, plaintiff filed the instant action in this court on August 1, 2014. Id.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 **'O'** |
|---|---|---|---|
| Case No. | CV14-6056-CAS(AJWx) | Date | December 22, 2015 |
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. ANALYSIS

Plaintiff asserts a single claim against defendants for retaliation in violation of Title VII. In evaluating claims for retaliation brought pursuant to Title VII, courts apply the three-stage burden shifting test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064 (9th Cir. 2002). Under this test, a plaintiff must first establish a prima facie case of retaliation. Coons v. Sec. of United States Dept. of Treasury, 383 F.3d 879, 887 (9th Cir. 2004). "Once the plaintiff establishes a prima facie case, the employer has the burden to 'present legitimate reasons for the adverse employment action.' " Id. (citing Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir.2000)). If the employer carries this burden, and the plaintiff demonstrates a genuine issue of material fact as to whether the reason advanced by the employer was a pretext, then the retaliation case proceeds beyond the summary judgment stage. Id.

### A. Prima Facie Case

To establish a prima facie case of retaliation, a plaintiff must show: "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." Brown v. City of Tucson, 336 F.3d 1181, 1187 (9th Cir.2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS - 6 **'O'**

| Case No. | CV14-6056-CAS(AJWx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

Here, plaintiff alleges that defendant failed to update her eOPF pursuant to the Settlement Agreement in retaliation for her earlier EEOC complaint.

As an initial matter, there is no dispute that plaintiff engaged in a protected activity when she filed her EEOC complaint. See also Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000).

However, it is not clear that plaintiff has actually suffered an adverse employment action. "[A]n adverse employment action is adverse treatment that is reasonably likely to deter employees from engaging in protected activity." Id. at 1237. Here, Plaintiff alleges that she suffered an adverse employment action because defendant either (a) failed to update her eOPF to reflect that she had resigned for personal reasons or (b) failed to affirmatively retrieve documents from the National Archives indicating that she had been terminated. Nonetheless, defendant has submitted evidence that its employee, Catherina Sun, requested and submitted an SF52 indicating plaintiff had resigned for personal reasons. This document was then approved by Barrett and submitted to the NFC, at which point, barring administrative or clerical error, it should have been uploaded to plaintiff's eOPF. Plaintiff submits no evidence to indicate that these actions were not taken.

Plaintiff also contends that, notwithstanding any actions defendant may have taken, the fact remains that in 2013 she discovered her Termination SF50 in her eOPF. However, it is not clear that this was the result of anything more than an "oversight," let alone that it constitutes an adverse employment action. And, in any event, once defendant discovered the Termination SF50, it took steps to correct this apparent mistake. See also Jackson v. Board of Equalization, 2010 WL 3733983, at *8 (E.D. Cal. Sep. 20, 2010) ("Plaintiff evidently discovered that the wages being properly garnished from her paycheck were mistakenly being credited to another employee's garnishment order. That error was apparently corrected. Regardless, plaintiff has alleged nothing more than clerical errors in this regard. Allegations of such errors do not, in and of themselves, constitute an adverse employment action."); Dressler v. New York City Dept. of Educ.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS - 6 **'O'**

| Case No. | CV14-6056-CAS(AJWx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

2012 WL 1038600, at *8 (S.D. N.Y. Mar. 29, 2012) ("A corrected administrative error without attendant deleterious effect does not constitute an adverse employment action.").[5]

Furthermore, even assuming that plaintiff had suffered an adverse employment action, the Court could not find that plaintiff has established a causal link between this action and her earlier EEOC complaint. To establish causation, plaintiff must show by a preponderance of the evidence that engaging in a protected activity was one of the reasons for her adverse employment action and that, but for such activity, she would not have suffered an adverse employment action. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064-65 (9th Cir. 2002). Plaintiff's principal argument is that, based on her review of what she contends are defendant's "guidelines for record keeping and proper eOPF management procedures," defendant failed to abide by its own policies in updating her eOPF. Opp'n., at 13-15. Plaintiff contends that an inference of retaliatory motive can be drawn from defendants failure to comply with its own policies. Id. Plaintiff's argument is unavailing, first and foremost, because it is based largely on statements in her own declaration interpreting what she contends are defendant's record keeping policies. Plaintiff has demonstrated no personal knowledge or expertise regarding the policies of the Department of Homeland Security or the National Archives.[6] See Fed. R. Evid. 602;

---

[5] Plaintiff relies on Hashimoto v. Dalton, 118 F.3d 671 (9th Cir. 1997), in which the Ninth Circuit found that dissemination of a negative job reference was an adverse employment action even though the defendant proved that the poor job reference did not affect the prospective employer's decision not to hire plaintiff. However, in this case, defendant is not accused of disseminating any adverse job references or any other type of negative comments about plaintiff. Rather, plaintiff alleges only that defendant failed to remove references to her termination from her eOPF. Accordingly, the facts of this case are readily distinguishable from Hashimoto.

[6] Defendant also contends that plaintiff has presented insufficient evidence that the "policies" she identifies were actually in force during the relevant time period for this lawsuit. Dkt. 56-3, ¶¶ 8, 19. Specifically, defendant points out that two of the policies plaintiff has identified are dated from 2011 and 2014 respectively. Id. At the hearing, plaintiff's counsel requested the opportunity to present additional supporting documentation regarding the dates these policies were in force. The Court granted plaintiff's counsel permission to file a sur-reply. Plaintiff has now submitted a "Revision

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 **'O'** |
|---|---|---|---|
| Case No. | CV14-6056-CAS(AJWx) | Date | December 22, 2015 |
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment.") (citing Fed. R. Civ. P. 56(e)). Plaintiff contends that comparing the conduct of defendant with these policies demonstrates a "mountain" of mistakes by defendant. Sur-Reply, at 6.[7] However, even assuming that the policies plaintiff identifies are in fact an accurate representation of defendant's human resources policies, and that defendant actually violated these policies, plaintiff has still provided no evidence to suggest that this was anything more than an oversight or some form of administrative error. See also Sims v. Veal, 2009 WL 2868718, at *7 (E.D. Cal. Sep. 2, 2009) (rejecting retaliation claim based on allegedly wrongful change in custody designation where "[p]laintiff [had] not submitted any evidence to show that the change in his custody designation was for any reason other than to remedy an administrative error."). In short, other than her own interpretation of defendant's human resources policies, plaintiff has provided no evidence of a causal link between her alleged adverse employment action and her earlier EEOC complaint.

---

History Sheet" that, at least with regard to the 2011 policy, appears to indicate that the policy remained largely the same between 2010—the relevant time period for this action—and 2011—when the policy is dated. Sur-Reply, at 2-3. Nonetheless, for the reasons stated supra, the Court still finds that plaintiff does not have the requisite personal knowledge to interpret these policies or to offer her opinion that defendant has substantially deviated from these policies.

[7] In her sur-reply plaintiff identifies six "departures" from defendant's policies. However, for half of these alleged departures she does not identify an actual policy provision defendant violated; rather, plaintiff cites to portions of the supplemental declaration of defendant's employee, Cathy Paquette. For example, as alleged departure number two plaintiff states: "Paquette [] was not told about the settlement agreement so she did not and could not remove the Termination SF50 from the Plaintiff's eOPF." Sur-Reply, at 5. While plaintiff may believe that the conduct described in Paquette's declaration was improper, she has submitted no evidence that this conduct in fact violated one of defendant's policies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 **'O'** |
|---|---|---|---|
| Case No. | CV14-6056-CAS(AJWx) | Date | December 22, 2015 |
| Title | ALINA KORSUNSKA V. JEH JOHNSON | | |

Accordingly, plaintiff has failed to establish a prima facie case of retaliation.[8]

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion for summary judgement.

Accordingly, all previously set dates are hereby VACATED.

IT IS SO ORDERED

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CL | |

---

[8] Even if plaintiff could establish a prima facie case the Court would still find that summary judgment is appropriate in this case. Defendant has proffered a legitimate non-retaliatory explanation for failing to remove references to plaintiff's termination from her eOPF, namely it was "simply an administrative oversight." Paquette Supp. Decl. ¶ 4. The burden would then shift back to plaintiff to demonstrate that this reason was pretextual. For the same reasons the Court finds that plaintiff has failed to establish a causal link between her alleged adverse employment action and her protected activity, the Court would also find that plaintiff has failed to demonstrate pretext.